IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

JAMES SPEET and ERNEST SIMS,

      Plaintiffs,

vs.                                                       Hon. Robert J. Jonker

BILL SCHUETTE, Attorney General for the       Case No. 1:11-cv-972
State of Michigan, in his official capacity;
CITY OF GRAND RAPIDS; KEVIN
BELK, Chief of Police of the Grand Rapids
Police Department, in his official capacity;
and OFFICER GREGORY BAUER, in his
individual capacity,

      Defendants.
_____/

**ORDER RE ENTRY OF FINAL JUDGMENT ON
FIRST AND THIRD COUNTS OF COMPLAINT UNDER RULE 54(B)**

**AND**

**ENTRY OF PERMANENT INJUNCTION
BARRING ENFORCEMENT OF M.C.L. § 750.167(1)(h)**

      This matter having come before the Court upon the parties' Stipulation re Entry of Final Judgment on the First and Third Counts of the Complaint Under Rule 54(b) and Entry of a Permanent Injunction Barring Enforcement of M.C.L. § 750.167(1)(h), and the Court being fully advised in the premises, IT IS HEREBY ORDERED that:

1.     Final judgment is entered in favor of Plaintiffs under Fed. R. Civ. P. 54(b) on the First and Third Counts of the Complaint for the reasons set forth in the Court's August 24, 2012 Opinion and Order (Docket # 25).

2. Defendants are permanently enjoined from enforcing M.C.L. § 750.167(1)(h). This injunction is issued based on the Court's determination that, on its face, M.C.L. § 750.167(1)(h) violates the First Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

3. Pursuant to Fed. R. Civ. P. 65(d)(2), this injunction applies to the parties; the parties' officers, agents, servants, employees and attorneys; and all other persons who are in active concert or participation with the parties or the parties' officers, agents, servants, employees or attorneys.

4. The Court expressly directs that this judgment constitutes a final order of the Court with respect to fewer than all of the claims in this case. This judgment is a final order with respect to the First and Third Counts of the Complaint only. The Second, Fourth, and Fifth Counts of the Complaint remain pending.

5. The Court expressly determines that there is no just reason to delay appellate review. The First and Third Counts of the Complaint allege, and the Court has found, that M.C.L. § 750.167(1)(h) is unconstitutional on its face. The remaining claims are as-applied challenges. Whether litigation on the as-applied challenges will be necessary depends, primarily, on whether the statute is unconstitutional on its face.

6. Further proceedings on the Second, Fourth and Fifth Claims in the Complaint shall be stayed with respect to all parties to this action, pending the conclusion of all appeals in this case. This provision shall not preclude any action to enforce the injunction or any other orders entered by this Court. This provision also shall not preclude a negotiated settlement between any or all of the parties, or entry of any court orders applicable to such a settlement.

7. Plaintiffs shall have until sixty days after the conclusion of all appeals in this case to file their motion for an award of attorneys' fees and costs, including taxable costs.

   a. The "conclusion of all appeals" means the latest of: (1) the expiration of Defendants' time to file a notice of appeal with the United States Court of Appeals for the Sixth Circuit if no Defendant files a notice of appeal; (2) if one or more Defendants appeal to the United States Court of Appeals for the Sixth Circuit, the expiration of time to file a petition for certiorari to the United States Supreme Court following a final decision by the Sixth Circuit; (3) the denial of a petition of certiorari by the United States Supreme Court; or (4) the granting of a petition for certiorari and disposition of this case by the United States Supreme Court.

   b. Rather than file a separate bill of costs, Plaintiffs shall include the taxable items with the other costs for which they seek an award on the schedule established in this Order.

   c. This Order supersedes any otherwise applicable time limits for the filing of attorney fee petitions, including any time limits specified in Fed. R. Civ. P. 54(d).

   d. This provision shall not preclude a negotiated settlement with respect to attorneys' fees between any or all of the parties, or entry of any court orders applicable to such a settlement.

IT IS SO ORDERED.

Dated:  September 13, 2012              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE